# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**STARDALE CHARLES OWENS,**

    **Plaintiff,**

**vs.**                                        **Case No. 4:19cv373-WS-MAF**

**CHRISTOPHER EDELEN, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, filed a motion requesting leave to proceed in forma pauperis, ECF No. 9. Plaintiff's motion was granted and he was required to pay the assessed initial partial filing fee of $15.30 on or before **July 24, 2020**. ECF No. 10. Plaintiff was warned that if he did not pay the fee, a recommendation would be made to dismiss this case. *Id.* Indeed, Plaintiff has already had one Report and Recommendation, ECF No. 5, vacated because he did not comply with a Court Order by the deadline provided. Plaintiff should be well aware of the consequences of failing to comply.

Moreover, in this situation, Plaintiff was also informed that if he had insufficient funds "with which to pay the assessed initial partial filing fee, Plaintiff must submit a *current* Trust Fund Account Statement demonstrating how funds have been depleted and a motion requesting permission to proceed without payment of the assessed fee. " ECF No. 10. Plaintiff did not do so and, because he has not paid the fee, it appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Because Plaintiff did not

comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on August 4, 2020.


S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**